Caruthers, J.,
delivered the opinion of the court.
This was a trial, in due form, of the validity of the will of Richard Crowder, dec’d, in the circuit court of White county. The contest resulted in favor of the executors, and appeal in error to this court by the contestants. On the trial of the issue of “will or no will” the paper propounded was duly proved by the subscribing witnesses, and the case closed on the part of the executors, when the contestants proposed to prove by “Walker Brown and others,” “that the testator, since the ■ making and publishing of said will, and be *158 fore Ms death, had sold all his property, both real and personal, for the purpose of showing a revocation of the will.” This was only “proposed to be shown by parol evidence.” This evidence was rejected by the court, upon the objection of the plaintiffs. This is the only question submitted to us, and we regard it as one of very easy solution. The will disposed of both real and personal property.
If the proof were competent at all, under this issue, so far as the real estate is concerned, it would have to consist of such evidences of sale as are required by the statute of frauds, and parol proof would be inadmissible. This would be otherwise, in relation to the personal estate. But the court below might, and perhaps did place his decision, upon a broader principle. Ho evidence, either written or verbal, of the character offered, would be pertinent to the issue, and would be properly rejected for irrelevancy. It would be legitimate proof where the mental capacity of the testator was brought in question, as tending to show defect of memory, as to what he had done, or want of a consistent stable purpose, in relation to his property. But here, that ground of attack is expressly disavowed, and the objection to the establishment of the said will, placed solely upon the ground of revocation, by the sale of all the property, disposed of in it. We are not to enquire whether this was true in fact, as would seem to be indicated by a part of the argument of gentlemen, but the question is, if true, and proved as proposed, could it effect the issue before the jury? And, we think it could not, and was, therefore, irrelevant, and, consequently, properly rejected.
*159 Revocations may be express or implied. 2 Bouv. L. D., 477. If express, tbe formalities prescribed by onr statute of wills, must be complied with. Car. & Each., 707. A valid sale of the property given, would amount to an implied revocation to the extent of the property sold. But still the question remains, would this be competent matter under an issue to test the existence or validity of the will? It would raise a question of title between those who claim the property, under the will, and the sale. To place the former in a condition to maintain that contest, the will must be allowed to go to probate, if that be the only objection. A contrary doctrine would involve an investigation into the validity of every sale made by the testator after the date of his will, in the issue of devisavit vel non, which is already sufficiently embarrassing and complicated, when the mind of the testator is in question, which is most generally the case.
If the contestants had proved what they proposed, that is, that all the property given in the will had been disposed of by the testator before his death, in a form and manner binding in law, then the probate of the will could have no effect upon such titles, and would be simply inoperative as to the property.
There was then no error in the ruling of the circuit judge on this question of evidence, and the judgment is affirmed.